Filed 8/29/13 P. v. Padilla CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>LARRY PADILLA,<br><br>    Defendant and Appellant. | H039216<br>(Santa Clara County<br>Super. Ct. No. 175952) |

In 1994, appellant Larry Padilla was convicted of first degree burglary (Pen. Code §§ 459, 460, subd. (a)), with at least two prior "strike" convictions. (Pen. Code §§ 667, subds. (b)-(i), 1170.12.) He was sentenced to serve 35 years to life in prison. (*People v. Padilla* (May 18, 1998, H016463) [nonpub. opn.].)[1] On appeal in 1996, this court remanded the matter for resentencing. (*Ibid*.) On remand, the trial court imposed the same sentence. (*Ibid.*) Appellant appealed again, and in 1998, this court affirmed the judgment. (*Id.* at p. 2.) On December 13, 2012, appellant filed a petition for recall of sentence under the Three Strikes Law Reform Act (the Act) and Penal Code section 1170.126. On December 18, 2012, the trial court denied the petition, finding the defendant ineligible for resentencing under the provisions of the Act. Defendant filed a timely notice of appeal from this order.

---

[1] On appellant's motion, this court takes judicial notice of its opinion in the prior appeal, *People v. Padilla,* case no. H016463.

On appeal, we appointed counsel to represent defendant in this court. Appointed counsel filed an opening brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), and *People v. Serrano* (2012) 211 Cal.App.4th 496 (*Serrano*).) The opening brief states the case and the facts but raises no specific issues. *Wende* review is only available in a first appeal of right. (*Serrano, supra,* 211 Cal.App.4th at p. 501.) Because appellant's appeal is from an order after judgment, and not a first appeal of right, he is not entitled to *Wende* review. (*Ibid.*) Therefore, we will proceed with this appeal pursuant to the standard we enunciated in *Serrano*.

Pursuant to *Serrano,* on April 9, 2013, we notified appellant of his right to submit written argument in his own behalf within 30 days. On May 2, 2013, and May 7, 2013, we received letters from appellant. In his letters, appellant contends that the court should reconsider his sentence based on his advanced age, the insignificant value of the items taken, and his intoxication at the time of the crime. He further claims that his model behavior during his incarceration as well as his reform and rehabilitation should be taken into consideration by this court. Nothing in appellant's letter suggests that there is an arguable issue on appeal from the order denying his petition for modification of the sentence. Therefore, we decline to retain the appeal.

The appellant having failed to raise any arguable issue on appeal, we dismiss the appeal. (*Serrano*, *supra*, 211 Cal.App.4th at pp. 503-504.)

## DISPOSITION

The appeal is dismissed.

_____
MÁRQUEZ, J.

WE CONCUR:

_____
RUSHING, P.J.

_____
ELIA, J.